UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VERNON BARTON,

    Plaintiff,

v.                                              Case No. 2:16-CV-183

WISCONSIN CENTRAL LTD.,               HON. GORDON J. QUIST

    Defendant.
_____/

## MEMORANDUM GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Vernon Barton, brought a Federal Employers' Liability Act case against Defendant, Wisconsin Central Limited (WCL). On November 15, 2017, WCL filed a motion for summary judgment on Barton's two claims. (ECF No. 37.) Barton has not filed a response. In its reply in further support of its motion, filed December 19, 2017, WCL asserted that it had carried its burden of showing that there is no genuine issue of material fact. (ECF No. 40.) WCL submitted an email between the parties' counsels, and on December 9, 2017, Barton's counsel sought agreement from WCL for an extension of time to file a response, citing a trial and a purported order from Magistrate Judge Greeley holding the case in abeyance as reasons for an extension. Counsel for WCL stated there was no abeyance order and asked to what date Barton's counsel sought an extension. (ECF No. 40-1.) Barton's counsel never responded (ECF No. 40 at PageID.436), and has not filed anything with the Court.

A motion for summary judgment cannot be granted merely because it is unopposed. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 629–30 (6th Cir. 2014). The Court "must review carefully the portions of the record submitted by the moving party to determine whether a genuine

dispute of material fact exists." *Id.* at 630. "However, '[n]either the trial nor appellate court ... will *sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id.* at 630 n.11 (quoting *Guarino v. Brookfield Twp. Trs.,* 980 F.2d 399, 410 (6th Cir.1992)).

Barton worked for WCL from 1997 until August 19, 2013. Barton fractured his ankle on January 30, 2010, and in May 2010, returned to work after both a physician and a return to work physical cleared him to work. From his return to work until he completed his employment with WCL, Barton did not have any medical work restrictions. Nearly three years after his final day with WCL, Barton filed the instant action—alleging that WCL "needlessly exposed" him to "ergonomic risk factors." After Barton failed to disclose expert reports, per court order, Magistrate Judge Greeley granted in part WCL's motion to dismiss and struck Barton's expert witnesses. (ECF No. 34.)

WCL asserts that without his experts, Barton cannot carry his burden in this case. WCL cites a number of cases that considered the lack of expert testimony in granting summary judgment. *See, e.g.*, *Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265, 270 (6th Cir. 2007) (rejecting conclusory statement of plaintiff's purported expert); *Lewis v. CSX Transp., Inc.*, 778 F. Supp. 2d 821, 837–38 (S.D. Ohio 2011) (citing *Doty v. Ill. Cent. R.R. Co.*, 162 F.3d 460, 462 (7th Cir. 1998)). WCL itself offers a declaration of one of its proffered experts, who concluded that "[i]n [his] experience, the WCL provides a safe work place and a cohesive injury control program." (ECF No. 37-8 at PageID.380; ECF No. 23-2 at PageID.199.) WCL also points to Barton's lack of experts to establish general and specific causation, compared to WCL's two proffered experts' declarations that argue there is no causation between Barton's work and his injury. (ECF No. 37-9; ECF No. 37-10.)

WCL moved for summary judgment on Barton's second claim as well, *i.e.*, negligent assignment. Citing evidence that Barton was medically cleared to work without restrictions following his ankle injury (ECF No.37-4; ECF No. 37-5), WCL asserts that Barton has offered no evidence that WCL knew or should have known that it assigned Barton to unsuitable work. *See Champ v. Marquette Transp. Co.*, No. 5:12-CV-00084-TBR, 2014 WL 2879152, at *27 (W.D. Ky. June 24, 2014) ("[I]n the absence of sufficient evidence to show that Marquette knew or should have known that assigning Champ to the RANDY ECKSTEIN would expose him to an unreasonable risk of harm, the Court concludes that Plaintiffs have failed to establish a genuine issue of material fact whether Marquette breached a duty to protect Champ from a foreseeable risk.").

WCL has presented evidence and declarations from experts and relied on relevant case law to support its motion; Barton has failed to cast doubt on WCL's assertions by offering his own evidence or experts. Therefore, after reviewing and considering WCL's motion and the undisputed evidence, the Court finds that there is no genuine dispute of material fact. The Court will grant WCL's motion.

A separate order will issue.

Dated: March 19, 2018                         /s/ Gordon J. Quist
                                                                  GORDON J. QUIST
                                               UNITED STATES DISTRICT JUDGE